THE CENTRAL LAND COMPANY, Appellant, *vs.* THE CITY OF PROVIDENCE.

GEORGE W. BUTTS, Appellant, *vs.* THE SAME.

Land of A. was taken for a highway. Pending the proceedings of condemnation A. sold the land to B., who claimed damages from the town for the taking. From the decree of the town council awarding compensation both A. and B. appealed to the Court of Common Pleas.

*Held,* that A.'s appeal was improper, and should have been dismissed at the request of the appellee.

The two appeals were consolidated by the Court of Common Pleas.

*Held,* error.

A judgment was then entered by the Court of Common Pleas on A.'s appeal, but the record showed no judgment of any kind on B.'s appeal.

*Held,* that the judgment was erroneously entered.

*Held,* further, that the case must be remanded to the Court of Common Pleas to dispose of B.'s appeal.

The front line of lots platted for partition was drawn parallel with and twenty feet from W. Street, and each deed of partition contained the statement, " The strip of land situated in front of lot No.    as designated on said plat, which is intended to be used at some future time to widen W. Street, is included in the above conveyance, and may be improved by the grantee until it shall be laid out for a street, but no building can be erected thereon."

*Held,* that the plat and deeds were not an offer to dedicate the strip to highway purposes.

*Held,* further, affirming *Aldrich* v. *Billings,* 14 R. I. 233, that the deeds conveyed the strips " subject to the easement of the other owners on the street to have the strip unincumbered by buildings, and ready at any time to be laid out for a street."

*Held,* further, that the strip could not be taken for a street without compensation to the owners.

*Held,* further, that the measure of compensation was the loss sustained by taking the land for a street, regard being had to the restrictions on the use of the land and to the benefit accruing from widening the street.

EXCEPTIONS to the Court of Common Pleas.

*February* 6, 1886. DURFEE, C. J. The object of the appellants is to recover compensatory damages for a piece of land taken for the purpose of widening Worcester Street in this city. At the commencement of the proceeding the land belonged to George W. Butts, but before the decree was entered establishing the lay-out by which the land was taken he had conveyed it to the Central Land Company. The record shows that the company appeared before the Board of Aldermen and made claim for damages before the decree was entered. Appeals from the decree were taken by both Butts and the company. We think that under Pub. Stat.

R. I. cap. 64, § 11,[1] the proper party to take the appeal was the company. Butts was not aggrieved by the decree, having parted with the land before it was entered, and therefore was not entitled to appeal. The appeal taken by him ought to have been dismissed by the Court of Common Pleas on motion of the appellee. The exceptions for its non-dismissal must be sustained and the appeal be dismissed here. The two appeals were consolidated by the Court of Common Pleas and heard together. This was clearly an error, since both appeals were not maintainable. The court, however, though it heard the two appeals together, entered judgment in only one of them, to wit, in the appeal of George W. Butts, which we have said must be dismissed as wrongly taken. No judgment was entered either for or against the company; therefore, for anything we can see, the company's appeal must be regarded as still pending in the court below. There is no judgment here which we can either affirm or disaffirm.

We might stop at this point, but the case has been argued on other points, and therefore we deem it not improper to give our opinion on them, since our opinion given now may make it unnecessary to bring the case before us again.

The other exceptions go to the merits. Worcester Street was formerly only twenty feet wide.[2] The land on its southern side, including the piece in question, belonged to James Aborn, who died October 4, 1845, leaving four heirs at law. After his death the land was platted into lots, the front line of the lots facing toward Worcester Street being drawn parallel with and twenty

---

[1] As follows : —

"SECT. 11. If any person, through whose land a highway or driftway is laid, shall be aggrieved by the doings of the committee or town council, he, his heir or devisee may appeal to the next Court of Common Pleas to be holden for the county in which such highway or driftway is located, giving bond to the town to prosecute his appeal, and producing an attested copy of the whole proceedings to such court, and filing his reasons of appeal with the clerk of the court, ten days before the sitting thereof."

[2] See the statement and plat in 14 R. I. p. 234. The land taken by the city of Providence in these proceedings lay northeast of Cove Street, and would lie between the prolongation northeast of the dotted line in Worcester Street and the prolongation northeast of the line of the lots on Worcester Street southeast of the dotted line, as shown on the plat above referred to.

feet distant from it.   The lots were assigned in partition by mutual conveyances to the different heirs in severalty.   The lots facing Worcester Street were described in the conveyances by their numbers on the plat which was referred to, and also as bounded northérly by Worcester Street.   Each of the deeds contained the statement following, to wit :   " The strip of land, situate in front of lot No.      , as designated on said plat, which is intended to be used at some future time to widen Worcester Street, is included in the above conveyance, and may be improved by the grantee until it shall be laid out for a street; but no building can be erected thereon."   Some of the later deeds, under which the appellants claim, describe the lots conveyed simply by the number on the plat.   It is not claimed that this alters the construction.   We assume, therefore, for present purposes, that the omission makes no difference.   The contention for the city is that, by virtue of the plats, deeds, and partition as aforesaid, the city became entitled to take the land in question, in pursuance of the statement, without compensation, whenever it might see fit to lay out Worcester Street over it to the width of forty feet.   The grounds of this contention are, first, that the grantees took under their deeds only a qualified right to use the front strips, which right was to cease when the city took the strip to widen Worcester Street ; and, second, that the plat and deeds together amounted to an offer of dedication which was accepted by or for the public when the decree establishing the lay-out was entered.

We do not think the plat and deeds can be held to have amounted to an offer of dedication.   The only way in which an offer of dedication can be effectually made at common law is by opening the land intended to be dedicated to the public use ; though, where land has been platted into lots with intersecting streets and conveyed by lot as delineated to different grantees, the conveyances may create an estoppel which, for all practical purposes, will be equivalent to an irrevocable offer of dedication.   In such cases, however, the estoppel arises from an implied contract or covenant between the parties that the land platted as streets shall remain open as streets.   In the case at bar such a contract could not be implied, because the deeds contained a statement which was inconsistent therewith.   Under these deeds the grantees of

the Worcester Street lots were, according to the statement, to be entitled to use the strips in front as their own, to the utter exclusion of the public, and even of other lot-owners, until there should be a lay-out by the city, the only restriction being that they should not build thereon.   For anything that appears, the strip has been so used.   It cannot be said, therefore, that there was any offer of dedication in the usual sense of the words ; and if it be claimed that there was an offer *sub modo*, or in some unusual sense of the word, the claim can be better considered, or will be virtually considered, under the other head.

The claim is that the qualified right to improve the strip came to an end by the terms of the deed when it was taken by the city, and therefore the city cannot be required to pay for it.  The claim rests on the statement before recited.   It may be remarked, however, that the statement conveys nothing either to the city or to the grantee, but at the most merely affords a rule for the construction of the grant in regard to its extent and implications.   The right of the city, if it has any, accrues to it not directly, but indirectly, as the result of an estoppel originating in an implied contract among the owners.   If the deeds by which the Worcester Street lots were conveyed in partition had not contained the statement, undoubtedly the grantees would have taken the lots subject to an implied contract to have the strip open for use as a part of Worcester Street.   The statement, however ineffectual it may be as a conveyance, is at least effectual in so far as it rebuts the implication.   The question is, therefore, What did the parties intend by it ?  Did they intend to negative the implication only until the strip should be taken for a street, or did they intend to negative it altogether, and only to impose a restriction which, by preventing expensive improvements, would keep the strip more readily and cheaply available for a street?   The latter would evidently be the meaning but for the words " until it shall be laid out for a street.'' Were those words used for any other purpose than to express what would follow without them, namely, that the qualified right of the grantee to improve the strip was to continue only until it should be laid out for a street ?   When land is laid out for a street, the right of the owner to improve it except as an abuttor terminates, whether it is paid for or not.   Can we say that the words import

a right in the city to have the land gratis? It seems to us that the preceding words, which declare that the strip "is included in the above conveyance," throw much light upon the question, for they import that the strip was intended to pass by as full a title as the rest of the land, subject only to the restriction subsequently imposed. In *Aldrich* v. *Billings*, 14 R. I. 233, 238, this court, construing these deeds with this statement, held that their effect was to convey to the several grantees the strips in front of their respective lots, "subject, however, to the easement of other owners, at least on the street, to have the strip unincumbered by buildings, and ready at any time to be laid out for a street." We think that this is the fair and full effect, and that, regarding the statement as a whole, in seeking for its meaning, it is neither necessary nor warrantable to hold further that the city is entitled to take the strip for a street without making any, or if any only a nominal, compensation.

Exception is taken to the decision of the court below on the question of damages, the contention being that, if damages are allowable, the amount allowed is excessive. The question of damages is a question of fact, and therefore any error of the court below in awarding the amount of them is not revisable here on a bill of exceptions. Of course the Central Land Company, according to the view which we have taken, is not entitled to full damages, because it held the strip under a restriction not to build upon it. The true measure of damages is the loss which the company has sustained by the taking of the land, considering the restriction upon the use thereof, less the benefit received by having the street widened.

The exceptions for refusal to dismiss the appeal of George W. Butts are sustained. The said appeal is dismissed, and the cause or matter is remitted to the court below for further action.

*Order accordingly.*

*Thomas C. Greene & Charles H. Parkhurst*, for appellants.
*Nicholas Van Slyck*, City Solicitor, for appellee.